In the

# United States Court of Appeals

### For the Seventh Circuit

No. 07-1306

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

YOGESH SHAH,

*Defendant-Appellant*.

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 99-CR-211—**Lynn S. Adelman**, *Judge*.

SUBMITTED FEBRUARY 11, 2009—DECIDED MARCH 18, 2009

Before POSNER, WILLIAMS, and TINDER, *Circuit Judges*.

POSNER, *Circuit Judge*. The defendant was convicted in a bench trial of multiple counts of fraud, and received concurrent sentences of 144 months in prison. Most of the arguments that he makes on appeal are frivolous and require no discussion. One, however, has merit. It concerns his conviction under 18 U.S.C. § 2314, which, so far as bears on this case, punishes any person who

transports, transmits, or transfers in interstate or foreign commerce any goods, wares, merchandise,

securities or money, of the value of $5,000 or more, knowing the same to have been stolen, converted or taken by fraud; or

[who], having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transports or causes to be transported, or induces any person or persons to travel in, or to be transported in interstate or foreign commerce in the execution or concealment of a scheme or artifice to defraud that person or those persons of money or property having a value of $5,000 or more.

The indictment charged the defendant with having dispatched a courier, with cash, to an investment advisor who recruited investors in the defendant's fraudulent enterprise. But it is apparent from the second paragraph of section 2314 that the person transported must be a victim of a scheme to defraud him of at least $5,000. See also *United States v. Thomas*, 377 F.3d 232 (2d Cir. 2004). Even if (though the evidence suggests the opposite) the courier was an unwitting accomplice of the defendant intended to be the "fall guy," there is no evidence that the defendant intended to defraud him of $5,000 or more, or indeed of any amount of money. On the contrary, the defendant paid the courier an annual salary of $26,000 to assist in the fraud. The government's argument that the courier was the victims' agent, as in the *Thomas* case, see *id*. at 236-39, is preposterous. By the same logic, the defendant was the victims' agent too.

The government intimates in its brief that the defendant also violated the first paragraph of section 2314. That was neither charged in the indictment nor found by the trial judge.

So the defendant is entitled to an acquittal on the section 2314 count, and hence to a cancellation of the special assessment of $100 imposed for his conviction on that count. *United States v. Introcaso*, 506 F.3d 260, 272-73 (3d Cir. 2007); *United States v. Swan*, 250 F.3d 495, 499-501 (7th Cir. 2001). And although he received concurrent sentences (apart from the assessment), he is entitled to a shot at persuading the judge to give him a lighter sentence in view of the acquittal that we are directing.

Moreover, in deciding on his original sentence, the judge treated the guidelines as mandatory because the sentencing hearing occurred in 2002, before they were made advisory by *United States v. Booker*, 543 U.S. 220 (2005). The defendant appealed, but then on advice of his appellate counsel voluntarily dismissed the appeal. He spent the next five years trying to persuade the judge that his appellate counsel, in recommending dismissal of the appeal, had rendered ineffective assistance of counsel. The judge eventually agreed, and re-entered the original judgment in order to enable the defendant to file this appeal. The government agrees that the defendant is entitled to a limited remand in order to enable the judge to decide whether to give the defendant a lighter sentence under the advisory-guideline regime created by the *Booker* decision. *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005). But since the defendant must be

resentenced because of the partial acquittal that we are ordering, there is no occasion for a *limited* remand. In deciding on the defendant's new sentence, the judge will perforce be applying the standard of the *Booker* decision.

And so the judgment is affirmed in part, reversed in part, and remanded with instructions.