In the

# United States Court of Appeals

## For the Seventh Circuit

No. 09-2478

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DANIEL RAPPE,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 07 CR 530—**Blanche M. Manning**, *Judge.*

ARGUED FEBRUARY 25, 2010—DECIDED JULY 22, 2010

Before CUDAHY, EVANS, and SYKES, *Circuit Judges.*

SYKES, *Circuit Judge.* Following a week-long jury trial,
Daniel Rappe was found guilty of four crimes: (1) con-
spiring to commit an offense against the United States
(18 U.S.C. § 371); (2) obstructing justice (18 U.S.C.
§ 1519); (3) destroying property to prevent its seizure
(18 U.S.C. § 2232); and (4) failing to register as a sex
offender (18 U.S.C. § 2250). On appeal Rappe challenges
only his conviction for failing to register as a sex offender

pursuant to the Sex Offender Registration and Notification Act ("SORNA").

Section 2250(a) covers, among others, any person who (1) "is required to register under [SORNA]," (2) "travels in interstate or foreign commerce," and (3) "knowingly fails to register or update a registration." Rappe argued on appeal that he did not have a "reasonable time" to register after SORNA became effective against him and that prosecuting him for failing to do so therefore violated the Ex Post Facto Clause, as explained in *United States v. Dixon*, 551 F.3d 578 (7th Cir. 2008). Following oral argument, the Supreme Court decided *Carr v. United States*, 130 S. Ct. 2229 (2010), a case that was part of the consolidated appeal we considered in *Dixon*. While *Carr* did not reach *Dixon*'s Ex Post Facto Clause holding, the Court addressed a separate question at issue in *Dixon*: whether § 2250 applies if the sex offender's interstate travel predated SORNA's enactment. The Court held in *Carr* that § 2250 does not apply to sex offenders whose interstate travel occurred prior to SORNA's effective date. *Id*. at 2235-36.

The Court's decision in *Carr* has a direct, dispositive impact on this appeal. SORNA was made applicable to Rappe on February 28, 2007, through 28 C.F.R. § 72.3, an interim regulation issued by the Attorney General. Rappe's most recent interstate trip occurred one day earlier, on February 27. Accordingly, as the government now concedes, *Carr* requires us to vacate Rappe's conviction under § 2250 and remand for resentencing.

## I. Background

Daniel Rappe, a former deputy sheriff in DuPage County, Illinois, was convicted of criminal sexual assault in 1986 and aggravated criminal sexual abuse in 1990. He was released from custody in May 1992. In 1996 Illinois' sex-offender registration law went into effect. This law required anyone convicted of a sex offense during the preceding ten years to register with local law enforcement and re-register each year thereafter through the end of the ten-year period. A subsequent amendment to the law provided that anyone who failed to comply with the registration requirements would be required to register annually for another ten years.

Rappe first registered in October 1997, but he neglected to renew his registration in 1998. At this point he became a "non-compliant" sex offender, and a warrant was issued for his arrest. Rappe was arrested in February 1999 and re-registered six months later. On February 14, 2000, Rappe pleaded guilty to a misdemeanor charge of attempted unlawful failure to change address as a sex offender. As a result, Rappe's mandatory registration requirement was extended another ten years until February 14, 2010.

Four days after his guilty plea, Rappe sent a letter to his local police department informing the authorities that he was moving to Wisconsin. In fact, Rappe never moved to Wisconsin; instead, he moved with his girlfriend and her children to another municipality within DuPage County. Rappe did not register anywhere between 2000 and 2007, and evidence introduced at trial

revealed that he was actively trying to conceal the fact that he continued to reside in Illinois. In particular, Rappe obtained a driver's license and a post-office box in Indiana by fraudulently claiming to be a resident of Hammond. Although he never resided in Indiana, the government introduced evidence that Rappe traveled to that state in 2001, 2006, and 2007. Significantly, the evidence established that Rappe's last date of travel to Indiana was February 27, 2007.

The police finally caught up with Rappe at his home on March 16, 2007. He was arrested for failing to register, and while in the DuPage County Jail, had conversations with his girlfriend in which he told her to erase the information on the hard drives of the computers at their home in case federal law-enforcement agents arrived with a search warrant. When local police intercepted this information, recorded on the jail's phone system, they alerted federal law-enforcement officials, who then obtained a search warrant for the couple's apartment. When a team of federal agents arrived and searched the apartment on March 19, 2007, the hard drives had been wiped clean, apparently with the aid of a computer program designed for this purpose. That same day—March 19—Rappe renewed his sex-offender registration in Illinois.

A federal grand jury subsequently returned an indictment against Rappe on the four counts mentioned above, and a jury later found him guilty on all charges. The court imposed sentences of 60 months' imprisonment on the counts of conspiracy and destruction of property to prevent seizure, and 120 months each on the obstruction-of-

justice and SORNA counts. The sentences were ordered to be served concurrently.

## II. Discussion

The validity of Rappe's SORNA conviction is the only issue in this appeal. The Supreme Court held in *Carr* that "[o]nce a person becomes subject to SORNA's registration requirements, which can occur only after the statute's effective date, that person can be convicted under § 2250 if he thereafter travels and then fails to register." 130 S. Ct. at 2236. Thus, in order to secure a conviction under § 2250, the government must establish that the sex offender engaged in interstate travel at some point *after* he became subject to SORNA's registration requirements. The threshold question for us is whether Rappe traveled in interstate commerce (and subsequently failed to register) after SORNA become applicable to him.

SORNA was enacted in July 2006 and applied to all subsequently convicted sex offenders. But what of persons, such as Rappe, who were convicted of sex offenses prior to July 2006? Congress provided that the Attorney General "shall have the authority to specify the applicability of the requirements of [SORNA]" to such individuals. 42 U.S.C. § 16913(d). On February 28, 2007, the Attorney General issued an interim regulation making SORNA applicable to persons who were convicted of sex offenses before the Act was passed. 28 C.F.R. § 72.3; *see Dixon*, 551 F.3d at 582, *rev'd on other grounds*, *Carr*, 130 S. Ct. 2229. Other circuits have held that persons with pre-SORNA sex-offense convictions became subject to the

Act's registration requirements upon the statute's enactment in July 2006, and that the Attorney General's regulation merely confirmed this understanding. *See, e.g.*, *United States v. Hinckley*, 550 F.3d 926, 929-35 (10th Cir. 2008); *United States v. May*, 535 F.3d 912, 915-19 (8th Cir. 2008). Our circuit, however, takes the view that persons with pre-SORNA sex offenses did not become subject to the statute's requirements until the Attorney General issued the interim regulation.[1] *Dixon,* 551 F.3d at 582. Accordingly, Rappe did not become subject to SORNA's registration requirements until February 28, 2007, the date of the Attorney General's regulation.

Under *Carr* the sex offender's interstate travel must occur *after* he became subject to SORNA. 130 S. Ct. at 2236. Rappe's last instance of interstate travel occurred on February 27, 2007, one day *before* he became subject to SORNA's requirements. Accordingly, *Carr* requires that we vacate Rappe's SORNA conviction. Although Rappe's sentences are concurrent, we cannot know whether the judge would have sentenced him differently in the absence of the SORNA conviction. *United States v. Shah*, 559 F.3d 643, 644 (7th Cir. 2009). The government agrees that Rappe is entitled to resentencing.

Rappe's conviction under § 2250 is VACATED, and the case is REMANDED for resentencing.

---

[1] The Supreme Court acknowledged this circuit split in *Carr* but specifically declined to resolve it. 130 S. Ct. at 2234 n.2.